OSCN Found Document:WHITE v. VALIR PHYSICAL THERAPY

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 WHITE v. VALIR PHYSICAL THERAPY
2015 OK 41
Case Number: 113634
Decided: 06/16/2015
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2015 OK 41, __ P.3d __

 

JUDY WHITE, Plaintiff/Appellant,
v.
VALIR PHYSICAL THERAPY, Defendant/Appellee.

ON APPEAL FROM THE DISTRICT COURT OF McCLAIN COUNTY, 
STATE OF OKLAHOMA
HONORABLE GREG DIXON, TRIAL JUDGE

¶0 Patient sued Physical Therapy Provider, alleging that Physical Therapy Provider improperly sought payment from a third party's automobile insurer rather than Patient's medical insurer. The trial court granted summary judgment to Physical Therapy Provider. Patient appeals.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Jack Tracy, Purcell, Oklahoma, for Plaintiff/Appellant,
Harvey D. Ellis, Jr., Adam C. Hall, Tim J. Gallegly, CROWE & DUNLEVY, Oklahoma City, Oklahoma, for Defendant/Appellee.

PER CURIAM:

¶1 This case concerns a dispute over the way Valir Physical Therapy handled billing and payment for services Valir provided to Judy White. Ms. White contends that she expected Valir to bill and accept payment from her medical insurer, while Valir contends it had the option to bill and seek payment from either Ms. White's medical insurance or the automobile insurer for the tortfeasor who injured Ms. White. The crux of Ms. White's position is that Valir billed the tortfeasor's insurance to evade billing adjustments that Valir had agreed to accept from Ms. White's medical insurer. In response, Valir basically contends that this consideration is irrelevant in light of the Assignment of Benefits provision that Ms. White signed when she contracted for Valir's services.

¶2 The trial court granted summary judgment in favor of Valir. Under the current state of the summary judgment record, this Court finds that reasonable minds could differ concerning the source and amount of payment Valir agreed to under the Assignment of Benefits provision.

¶3 The Assignment of Benefits provision consists of five sentences. The first sentence informs the patient that "Valir does submit a claim to many third party payers." The second sentence is in the form of a request by the patient that "payment of authorized Medicare or private benefits be made to Valir Physical Therapy for any covered services furnished to me by Valir[.]" These portions of the Assignment of Benefits provision tend to support Valir's position.

¶4 The remainder of the Assignment of Benefits provision, however, tends to support Ms. White's position. The third sentence is an agreement by the patient that "If my insurance carrier pays me directly, I agree to forward all funds to Valir . . . within 10 working days." (Emphasis added.) The fourth sentence states a further agreement by the patient to be "responsible for paying all non-covered or unpaid amounts unless otherwise provide[d] by law, regulation or Valir Physical Therapy's contractual relationships." (Emphasis added.) The fifth and final sentence is an agreement by the patient to be responsible for the full amount of the charges from the date of delivery which my third party payer does not pay." (Emphasis added.) These portions of the Assignment of Benefits provision support Ms. White's expectation that her medical insurance would be billed and Valir would accept payment made by the medical insurer in accordance with the "contractual relationship" Valir had with her carrier.

¶5 Considering the fact that Valir drafted the Assignment of Benefits provision, and did not disclose the claimed option to bill a tortfeasor's insurer, rather than the patient's medical insurer, in cases like Ms. White's case, reasonable minds could differ over the source and amount of payment Valir agreed to accept for the services provided to Ms. White. Therefore, summary judgment was not proper on the contract aspect of Ms. White's claim and is reversed.

¶6 On remand, Ms. White must be afforded the opportunity to conduct discovery and determine: (1) whether Valir had a "contractual relationship" with her medical insurer to adjust billing rates, (2) whether payment of adjusted billing amounts by her medical insurer under that contractual relationship would constitute payment in full and (3) what basis Valir would have to assert a lien upon or other claim to proceeds from the tortfeasor's insurance following the medical provider's payment. If Valir does have a contractual relationship with Ms. White's medical insurer to accept adjusted billing amounts as payment in full, Ms. White would be entitled to (1) an order compelling Valir's specific performance of the Assignment of Benefits provision and (2) declaratory relief that Valir had no lien or other claim to the proceeds from the tortfeasor's insurer.

¶7 In the event the trial court did grant such relief, the trial court should further order Valir to disgorge and return the payments received from the tortfeasor's insurer. In the final analysis, what Ms. White really wants is to maximize recovery from the tortfeasor's automobile liability insurance. She contends that her medical insurer's subrogated claim against the tortfeasor's insurance will be considerably less than Valir's unadjusted charges, leaving a greater portion of the tortfeasor's insurance for payment of other damages she sustained in the accident.

¶8 One aspect of the summary judgment was proper. This case presents nothing more than a contract dispute and, therefore, summary judgment was proper on Ms. White's fraud and "tort" theories of recovery. The summary judgment is affirmed in that regard.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

¶9 REIF, C.J., COMBS, V.C.J., KAUGER, WATT, EDMONDSON, TAYLOR, and COLBERT, JJ., concur.

¶10 WINCHESTER, and GURICH, JJ., concur in result.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 None Found.